NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
Ryan M. Ferrell, Bar No. 258037
Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA, Ex. Rel., ZACHARY HALLSTROM,

Plaintiff,

vs.

AQUA FLORA, INC; KING BIO, INC.; and DOES 1-10, Inclusive,

Defendants.

Case No.

**COMPLAINT FOR FALSE PATENT MARKING**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. This lawsuit is brought to stop two sophisticated defendants from luring unwary consumers into paying an inflated price for a worthless product line by falsely claiming that the products are patented. These products are marketed under the name AquaFlora "Nano Potentiated" homeopathic products that purportedly combat everything from acid reflux and fungal infection to constipation and ulcers. Specifically, Defendants advertise that their AquaFlora brand of products utilize "a

***patented*** process that dynamically activates digestion, assimilation transportation, cellular utilization, elimination, storage, recycling, organ and glandular metabolism for optimal homeostasis (balance)" and that differentiates their products from competitors.

2. Defendants' claims are false –AquaFlora products are not patented and are, in fact, worthless. Moreover, the misleading nature of Defendants' advertising paired with Defendants' marketing sophistication, show that Defendants' false marking was intentional.

## II. JURISDICTION, VENUE, AND STANDING

3. This Court has subject matter jurisdiction pursuant to 35 U.S.C. §292(b) and 28 U.S.C. § 1338(a).

4. Defendants are subject to personal jurisdiction in this District because they conduct business in this district and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendants' products that are the subject of this Complaint are advertised for sale, offered for sale, and sold within this judicial district.

6. Plaintiff possess the requisite standing required by Article III of the United States Constitution pursuant to 35 U.S.C. §292(b), which confers upon any person the right to sue for civil monetary penalties, restitution, and injunctive relief for false patent marking.

## III. THE PARTIES

7. Plaintiff UNITED STATES OF AMERICA, Ex. Rel., ZACHARY HALLSTROM ("Plaintiff") is a California citizen who believes in the importance of a fair and competitive market for the manufacture, marketing, sale, and distribution of consumer products.

8. Defendant Aqua Flora, Inc. is a company of unknown origin that manufactures, advertises, distributes, and sells homeopathic medicine, including the AquaFlora Nano Potentiated.

9. Defendant King Bio, Inc., is a company of unknown origin that manufactures, advertises, distributes, and sells homeopathic medicine, including the AquaFlora Nano Potentiated. King Bio, Inc. advertises that it is the parent company of Aqua Flora, Inc.

## IV. BACKGROUND FACTS

### A. The Purpose of this Action

10. The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

### B. The Policy of the Patent Marking Statute

11. The patent marking statute (35 U.S.C. §287(a)) and the false patent marking statute (35 U.S.C. §292) exist to ensure that the public has accurate information on the existence of patent rights.

12. The purposes of the patent marking statute were explained by the Federal Circuit in *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998), as: (1) helping to avoid innocent infringement, (2) encouraging patentees to give notice to the public that the article is patented, and (3) aiding the public to identify whether an article is patented.

13. Over half a century ago, the Supreme Court stated in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery*, 324 U.S. 806, 816 (1945), that patents by their very nature are affected with a public interest:

> *The possession and assertion of patent rights are 'issues of great moment to the public.' A patent by its very nature is affected with a public interest. As recognized by the Constitution, it is a special privilege designed to serve the*

*public purpose of promoting the 'Progress of Science and useful Arts.' At the same time, a patent is an exception to the general rule against monopolies and to the right to access to a free and open market.*

14. The Patent Act of 1952 provides a *qui tam* cause of action on behalf of the public to fine the offender in an amount of up to $500 for each offense, with half going to the use of the United States, and the other half going to the person bringing the action.

15. False marking of unpatented articles as "patented" is injurious to the public interest, as explained by the United States Court of Appeals, in at least the following ways:

- Acts of false marking deter innovation and stifle competition in the marketplace.
- False marks deter scientific research when an inventor sees a mark and decides to forgo continued research to avoid possible infringement.
- False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.
- Additionally, consumers who see a product as "patented" are likely to infer the product possesses design or utilitarian features that are unique to such article, and not available in substitute articles from other producers, thus inducing consumer demand for the marked article and causing consumers to pay an artificial premium for the product.

## C. Defendants' False Marking in Violation of the Patent Act

16. Defendants manufacture, advertise, license, and sell a homeopathic blend of products under the "AquaFlora Nano-Potentiated" Brand ("Aqua Flora"). Defendants advertise AquaFlora products as miracle drugs for all that might ail consumers. Specifically, they claim that AquaFlora products will relieve:

- "acid reflux, burning pain, sour stomach, belching, indigestion, nausea, stomach pains and distention Symptoms of Candidiasis;
- depression, anxiety, sudden mood swings, lack of concentration, drowsiness, poor memory, headaches, lightheadedness, insomnia, fatigue; relief of occasional constipation and irregularity;
- constant urging to stool, insecurity in rectum, involuntary stools;
- burning, gnawing or radiating pains and discomforts in the stomach area; ulcers of any kind, anywhere;
- itchy, burning, dry, sensitive, irritated, chapped, cracking or scaling skin of the feet;
- bloating, gas and abdominal discomforts following eating; relief of minor rectal itching, burning, aching and splintering pain associated with blind or protruding hemorrhoids;
- pain, pressure or sensitivities in the lower right portion of the abdomen;
- symptoms of toxic intestinal irritations;
- symptoms of parasites and worms, intestinal irritation, constipation, appetite swing, night cough and irritable moods; and
- weakened digestive systems and chronic conditions in general."

17. Defendants further use confusing psuedo-scientific language to describe the superhuman results they promise users will achieve:

> "**Nano-Potentiated** substances function to correct the many underlying metabolic aberrations within the body by providing the complex metabolic signaling necessary for the body to recognize and utilize a substance. The patented process works by dynamically activating the substances digestion, assimilation, transportation, cellular utilization, elimination, storage, recycling,

organ and glandular metabolism activating the complex metabolic regulatory control networks for optimal homeostasis (balance) and the therapeutic results."[1]

18. The following pictures are exemplars of AquaFlora products that Defendants claim are patented:




19. Defendants falsely advertise that AquaFlora products are patented. For example, Defendants advertises on their respective websites that:

"The ***patented*** process works by dynamically activating the substances digestion, assimilation, transportation, cellular utilization, elimination, storage, recycling, organ and glandular metabolism activating the complex metabolic regulatory control networks for optimal homeostasis (balance) and the therapeutic results." *(emphasis added).*[1]

20. In reality, the AquaFlora products are ***not*** patented. Counsel for Plaintiff has exhaustively researched public records, including the records of the United States

[1] *See* http://www.aquaflorainc.com/Documents/About%20Aqua%20Flora_Flyer .pdf (last downloaded on June 11, 2010). (Exhibit 1)

Patent & Trademark office (found at www.uspto.gov) that are presumed to be conclusively accurate, and have confirmed that neither AquaFlora products (nor any "Nano-Potentiated" process involving homeopathic bio-availability) are patented.

**D. Defendants' Violation of the Patent Act Was Intentional.**

21. Defendants' false claims have driven enormous sales of the AquaFlora Nano Potentiated line. For example, Defendants boast "17 years, long-standing success"[2] Given the length of the deception at issue, this case is "exceptional" for purposes of 35 U.S.C. § 285 because Defendants have no reasonable basis upon which to genuinely believe that AquaFlora products are really patented.

22. Defendants engaged in this false marking scheme to deceive the public and to stifle legitimate competition, and to gain a competitive advantage in the market. There are numerous indicia that Defendants false marking was intentional and committed with the specific design to profit from misleading and confusing unwary consumers.

## V. FIRST CAUSE OF ACTION: FALSE PATENT MARKING

23. Plaintiff re-alleges the preceding paragraphs and incorporates them herein by reference.

24. Defendants know that they can charge a premium for products that the public perceives to be unique and protected by a patent.

25. Defendants have marked and advertised AquaFlora products as being patented when, in reality, they are not.

26. Defendants have violated 35 U.S.C. § 292(a), which provides in relevant part:

2 See http://www.kingbio.com/store/catalog/AquaFlora-orderby0-p-1-mf-2.html(last downloaded June 11, 2010). (Exhibit 2)

*Whoever without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public; or Whoever marks upon, or affixes to, or uses in advertising in connection with any article the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public - Shall be fined not more than $500 for every such offense.*

27. Each false marking of AquaFlora products will discourage or deter persons and companies from commercializing competing products.

28. Defendants' false marking has wrongfully stifled competition with respect to similar and potentially competing products, thereby causing harm to plaintiff, the United States, and the public.

29. Defendants have wrongfully and illegally advertised a patent monopoly that they do not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

30. Defendants are therefore liable to plaintiff and to the United States under 35 U.S.C. §292 (b). The public interest requires that Defendants be enjoined from

further acts of false marking, pay civil penalties, and make restitution for their ill-gotten gains.

## VI. PRAYER FOR RELIEF

Plaintiff seeks entry of judgment against defendant as follows:

1. A judicial determination that Defendants have violated 35 U.S.C. §292 by falsely advertising and marking AquaFlora products as "patented" for the purpose of deceiving the public;

2. An order fining Defendants for false marking in an amount that is reasonable in light of the total revenue and gross profit derived from the sale of falsely marked or advertised AquaFlora products and the degree of intent to falsely mark which is proven, with half of the fine paid to the United States Government and the other half to plaintiff;

3. An order preliminarily and permanently enjoining Defendants and their affiliates from committing new acts of false patent marking and to cease all existing acts of false patent marking;

4. An award of attorneys' fees and costs incurred in bringing and maintaining this action, in part because it is "exceptional" for purposes of the Patent Act; and

5. Any such other relief to which plaintiff, the United States, or the general public may be entitled.

Dated: June 11, 2010

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: */s/ Scott J. Ferrell*
Scott J. Ferrell

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Section 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: June 11, 2010

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: */s/ Scott J. Ferrell*
Scott J. Ferrell

Attorneys for Plaintiff