UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA, EX. REL., ZACHARY HALLSTROM,

       Plaintiff,

  v.

AQUA FLORA, INC.; KING BIO, INC.; and DOES 1-10, INCLUSIVE,

       Defendants.

NO. CIV. 2-10-cv-01459-FCD-EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants Aqua Flora, Inc. ("Aqua Flora") and King Bio, Inc.'s ("King Bio") (collectively "defendants") motions to dismiss plaintiff Zachary Hallstrom's ("Hallstrom" or "plaintiff") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes the motions.[1]  For the reasons set forth below, defendants' motions to dismiss are DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

Plaintiff is a California citizen who is bringing this action on behalf of himself and the United States of America. (Pl.'s Complaint [Docket # 1] ("Compl."), filed June 14, 2010, ¶ 7). Defendants are in the business of manufacturing, advertising, distributing, and selling homeopathic medicine, including AquaFlora "Nano-Potentiated" homeopathic products ("AquaFlora products"). (Id. ¶¶ 1, 8-9). AquaFlora products are advertised as products that can relieve a number of symptoms, from physical to mental ailments. (Id. ¶ 16). Plaintiff alleges that defendants falsely advertise that AquaFlora products are patented on their respective websites, by representing that "[t]he *patented* process works by dynamically activating the substances digestion, assimilation, transportation, cellular utilization, elimination, storage, recycling, organ and grandular metabolism activating the complex metabolic regulatory control networks for optimal homeostasis (balance) and therapeutic results." (Id. ¶ 19) (emphasis added). Plaintiff claims that after exhaustively researching public records it has found that no patent exists for any AquaFlora products or a "Nano-Potentiated" process. (Id. ¶ 20).

Plaintiff asserts that as of June 11, 2010, defendants were still claims that the AquaFlora products were patented. (See Id. at Ex. 1-2). Moreover, plaintiff alleges that defendants boast "17 years, long-standing success" of the AquaFlora Nano-Potentiated line of products. (Id. ¶ 21; Ex. 2). Plaintiff further alleges that defendants' false claims concerning AquaFlora products were intentional and made in an effort to

deceive the public, stifle legitimate competition, and gain a competitive advantage in the market. (Id. ¶¶ 21-22).

Plaintiff filed this *qui tam* action on June 14, 2010 under 35 U.S.C. § 292 (the "false marking statute") alleging that defendants have falsely advertised AquaFlora products as patented. (Id. ¶ 19). Plaintiff seeks to preliminarily and permanently enjoin defendants from committing new acts of false patent marking and cease all existing acts of false patent marking on AquaFlora products. (Id. ¶ 3).

**STANDARD**

**A.   Lack of Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Lack of subject matter jurisdiction may be asserted by either party or by a court, sua sponte, at any time during the course of an action. (Fed. R. Civ. P. 12(h)(2)-(3)). Once challenged, the burden of establishing a federal courts jurisdiction rests on the party asserting the jurisdiction. See Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990).

There are two forms of 12(b)(1) attacks on subject matter jurisdiction: facial and factual attacks. See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). In a facial attack, a court construes jurisdictional allegations liberally and considers uncontroverted factual allegations to be true. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994); Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981). However, where the defendant

refers to matters outside the complaint to challenge the plaintiff's assertion of subject matter jurisdiction, the 12(b)(1) motion is a factual attack. See Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, a district court may review affidavits or evidence relating to the jurisdictional issue and need not presume the truthfulness of the plaintiff's allegations. Id. The burden then falls upon the party opposing the motion to present affidavits or other evidence to establish subject matter jurisdiction. Id.

**B.   Failure to State a Claim Upon Which Relief Can Be Granted**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his

4

claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the

plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. V. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A. Standing in a *Qui Tam* Action**

Defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Specifically, defendants argue that the plaintiff lacks standing in the instant action because he does not and cannot allege an injury in fact. (Defs.' Mot. Dismiss [Docket #10] ("Defs.' 12(b)(1)"), filed July 26, 2010, at 3, 5). Defendants assert that in order to have standing, Hallstrom must allege an injury to himself in addition to an injury to the United States. (Id.). Plaintiff opposes this motion and asserts that, as a *qui tam* relator, his standing is based on the injury in fact suffered by the United States. (Pl.'s Opp'n [Docket #12] ("Pl.'s 12(b)(1)"), filed Aug. 20, 2010, at 2-3).

The issue of standing is a threshold determination of "whether the litigant is entitled to have the court decide the

6

merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975); Steel Co. v. Citizens For A Better Env't, 523 U.S. 83 (1998). "The judicial power of the United States defined by Art[icle] III is not an unconditioned authority to determine the constitutionality of legislative or executive acts." Valley Forge Christian Coll. v. Americans United For Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). Rather, Article III limits "the federal judicial power 'to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.'" Id. at 472 (quoting Flast v. Cohen, 392 U.S. 83, 97 (1968)); Steele, 523 U.S. at 102. "Those who do not possess Article III standing may not litigate as suitors in the Courts of the United States." Id. at 476.

In order to satisfy Article III standing a plaintiff must meet three requirements: injury in fact, causation, and redressability. Vermont Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 771 (2000). To satisfy the first requirement, injury in fact, the plaintiff must demonstrate that he has suffered a harm that is "concrete" and "actual or imminent, not conjectural or hypothetical." Id. Second, to establish causation the plaintiff must establish a "fairly . . . traceable" connection between the alleged injury in fact and the conduct of the defendant. Id. Third, the plaintiff must demonstrate redressability by showing a "substantial likelihood" that his requested relief will remedy the alleged injury in fact. Id. The three factors together constitute the "irreducible

constitutional minimum" under Article III's case-or-controversy requirement.  Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).[2]

It is well established that the false marking statute, 35 U.S.C. § 292, is a *qui tam* statute.  See Vermont Agency, 529 U.S. at 786 n.1 (listing § 292(b) as one of four *qui tam* statutes that is currently in force); Pequignot v. Solo Cup Co., 608 F. 3d 1356 (Fed. Cir. 2010); Boyd v. Schildkraut Giftware Corp., 936 F.2d 76, 79 (2d Cir. 1991) (stating that § 292 is "enforceable by a *qui tam* remedy, enabling 'any person' to sue for the statutory penalty and retain one-half of the recovery").  The Article III standing requirement applies to plaintiffs who bring suit under a *qui tam* statute.  See Vermont Agency, 529 U.S. at 771-75.

The Federal Circuit recently held that in order for a *qui tam* relator to have standing under the false marking statute, he must assert an injury to the United States, but does not need to suffer an injury himself.  Stauffer v. Brooks Brothers, Inc., 2010 WL 3397419 (Fed. Cir. Aug. 31, 2010).  In Stauffer the *qui tam* relator was a patent attorney who purchased bow ties made by the defendant, which the relator claimed to have been falsely marked.  The court reasoned that the "*qui tam* provision operates as a statutory assignment of the United States' rights, and 'the assignee of a claim has standing to assert the injury in fact suffered by the assignor.'"  Id. (citing Vermont Agency, 529 U.S. at 773).  The court concluded that by creating the statute

---

[2] Defendants challenge only the sufficiency of plaintiff's alleged injury in fact, not the second two standing requirements.

1  Congress determined that deceptive patent marking is harmful and
2  should be prohibited; therefore, a violation of § 292 inherently
3  constitutes an injury to the United States.  Id.  The court
4  further reasoned that because the government would have standing
5  to enforce 35 U.S.C. § 292, the relator, as the government's
6  assignee, also has standing to enforce § 292.  Id.  Accordingly,
7  the court held that the plaintiff, by acting as the government's
8  assignee, had standing to enforce § 292 against the defendant
9  without alleging injury to himself.

10      The court finds the Federal Circuit's reasoning persuasive.
11 As such, the court similarly concludes that a relator in a § 292
12 can act as the government's assignee without demonstrating his
13 own injury in fact.  In this case, plaintiff alleges a violation
14 of § 292 by defendants.  Following the reasoning of Stauffer,
15 defendants' violation of the false marking statute gives the
16 United States, or its assignee, standing under § 292.  The fact
17 that plaintiff has not alleged harm to himself is not necessary
18 to establish standing in this action.  Plaintiff is considered
19 "any person" under § 292(b) and, as such, may act as an assignee
20 of the United States to enforce § 292 against defendants.
21 Therefore, defendants' motion to dismiss plaintiff's complaint
22 for lack of subject matter jurisdiction is DENIED.

23 **B.   Failure to Plead Fraud with Particularity**

24      Defendants also argue that this action must be dismissed
25 because plaintiff failed to plead false marking with
26 particularity, as required under Federal Rule of Civil Procedure
27 9(b) ("Rule 9(b)").  (Defs.' Mot. Dismiss [Docket #9] ("Defs.'
28 12(b)(6)"), filed July 26, 2010, at 3).  Plaintiff claims that

9

the false marking statute is not subject to the heightened pleading requirements of Rule 9(b); and, alternatively, that if the court finds that the plaintiff is subject to Rule 9(b), the complaint also meets the heightened pleading requirements of the rule.  (Pl.'s Opp'n [Docket # 13] ("Pl.'s 12(b)(6)"), at 5-6).

### 1. Heightened Pleading Standard

In this circuit, the heightened pleading standard of Rule 9(b) applies to claims that are "grounded in fraud" or that "sound in fraud." See Vess, 317 F. 3d at 1103-04.  A claim for false patent marking requires that the defendant acted for the "purpose of deceiving the public." (35 U.S.C. § 292(a)).  As such, courts have held that Rule 9(b) applies to false marking claims because the statute "sounds in fraud" or is "fraud-based." See e.g. Shizzle Pop, LLC. v. Wham-O, Inc., 2010 WL 3063066, at *4 (C.D. Cal. Aug. 2, 2010); Juniper Networks v. Shipley, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009).  Specifically, in Juniper Networks, the court focused on the intent to deceive element of the false marking statute and concluded that false marking is a fraud-based claim, which is subject to the heightened pleading requirement of Rule 9(b).  Id. (citing Berson v. Applied Signal Technology, Inc., 527 F. 3d 982, 987 (9th Cir. 2008) ("[p]laintiffs must 'state with particularity facts giving rise to a strong inference' that defendants acted with the intent to deceive"); c.f., Eisai Co., Ltd. V. Teva Pharmaceuticals USA, Inc., 557 F. Supp. 2d 490, 493 (D.N.J. 2008) (a claim for inequitable conduct, which requires an intent to deceive the Patent and Trademark Office, is subject to heightened pleading standard under Rule 9(b))).

Consistent with the holdings of district courts in the Central District of California and the Northern District of California, the court concludes that the false marking statute requires an intent to deceive, and thus, sounds in fraud. Therefore, plaintiff's complaint must meet the heightened pleading requirements of Rule 9(b).

**2.   Sufficiency of Plaintiff's Allegations**

Federal Rule of Civil Procedure 9(b) requires that when alleging fraud or mistake, the party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. Pro. 9(b). However, under Rule 9(b) malice, intent, knowledge, and other condition of mind of a person may be plead generally. Id. Rule 9(b) requires that a plaintiff set forth the activities underlying the alleged frauds, including the time, place, specific content of the alleged misrepresentations, and the identity of the parties involved. Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) (citing Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F. 2d 1393, 1400 (9th Cir. 1986); see also Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989). To satisfy Rule 9(b) the allegations, essentially, must state the who, what, when, where, and how of the misconduct charged. Vess v. Ciba-Geigly Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). The purpose of Rule 9(b) is to identify the circumstances that constitute fraud so that the defendant can prepare an adequate answer from the allegations. Odom, 486 F. 3d at 553 (citation omitted).

In this case, the complaint alleges that defendants manufacture, advertise, distribute, and sell AquaFlora products.

11

(Compl. ¶¶ 3, 8-9). The complaint attaches advertisements by defendants from their respective websites with pictures of the products at issue in this action. (Compl. at Ex. 1-2). The complaint also alleges that defendants were advertising AquaFlora products as patented on June 11, 2010 and that defendants' products are neither patented, nor do they have a patent pending. (Id. ¶ 19). Additionally, with respect to intent, plaintiff alleges that defendants acted intentionally because they have no reasonable basis to believe that AquaFlora products are patented and because they attempted to gain a profit by confusing and misleading customers through claims of "17 years, long-standing success." (Id. ¶¶ 17, 21-22). The court finds that these allegations satisfy Rule 9(b) because the allegations address who, what, when, where, and how defendants have allegedly violated the false marking statute. See Vess, 317 F.3d at 1106. The court also finds that plaintiff's allegations regarding intent meet the general allegation requirement under Rule 9(b). Therefore, defendants Rule 12(b)(6) motion to dismiss for failure to plead with particularity is DENIED.

**C.    Time Barred by the Statute of Limitations**

Finally, defendants claim that plaintiff's action is time barred by the five-year statute of limitations applicable to 35 U.S.C. § 292, and therefore should be dismissed with prejudice. (Defs.' 12(b)(6), at 4). Specifically, defendants argue that plaintiff has not alleged when such markings began and thus, it is unclear whether the complaint was filed within five years from the date when the claim accrued. (Def.' 12(b)(6) at 5-6). Plaintiff argues that the defendants misstate the allegations in

12

the complaint.  Plaintiff asserts that violations of the false marking statute have occurred within the statutory period, specifically referring to June 11, 2010. (Pl.'s 12(b)(6), at 7-8).

False marking claims under 35 U.S.C. § 292 are subject to a five-year statute of limitations, which is set forth in 28 U.S.C. § 2462.  Arcadia Mach. & Tool Inc. v. Sterm, Ruger & Co., 786 F.2d 1124, 1125 (Fed. Cir. 1986).  A dismissal under Rule 12(b)(b) based upon the expiration of the statute of limitations may only be made " if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute (had been) tolled." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).  The fact that dates alleged in the complaint are beyond the statutory period is not enough to support a Rule 12(b)(6) dismissal.  Id.

Plaintiff's complaint alleges that on June 11, 2010 defendants were in violation of the false marking statute because, on that date, they described AquaFlora products on their respective websites as using a "patented process" and as having "17 years, long-standing success." (Compl. ¶¶ 19, 21).  While plaintiff, in his opposition, broadly asserts that the misrepresentations have been going on for 17 years, it is unclear to the court what violations the plaintiff is referring to or whether the viability of this action is affected. (See Pl.'s 12(b)(6), at 7-8).  Rather, taking the complaint in the light most favorable to the plaintiff and drawing all reasonable inferences therefrom, the court cannot conclude that the alleged violations of the false marking statute did not occur within the

13

last 5 years.  Indeed, the only specific date alleged in the complaint is June 11, 2010, which falls within the statute of limitations.  Accordingly, at this stage in the litigation the court cannot determine as a matter of law that plaintiff's claim is time-barred.[3]  Therefore, defendants's Rule 12(b)(6) motion to dismiss on the basis that plaintiff's claim is time-barred is DENIED.

## CONCLUSION

For the foregoing reasons, defendants' Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss are DENIED.

IT IS SO ORDERED.

DATED: October 15, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The court notes that nothing in this order precludes defendants from raising this argument in a motion for summary judgement.