IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Ex. Rel., ZACHARY HALLSTROM,<br><br>        Plaintiff,<br><br>   vs.<br><br>AQUA FLORA, INC.; KING BIO, INC.,<br>and DOES 1 to 100, inclusive,<br><br>        Defendants.<br>_____/ | No. CIV S-10-1459 KJM-EFB<br><br><br><br><br><br><br>ORDER |

        This matter comes before the court upon Zachary Hallstrom's ("plaintiff") request for a jury trial. (ECF 24.) The court hereby GRANTS plaintiff's request.

I.     PROCEDURAL HISTORY

        Plaintiff filed the complaint in this court on June 14, 2010 alleging one cause of action: false patent marketing in violation of 35 U.S.C. § 292(a). (ECF 1.) Plaintiff seeks:

        1.    A judicial determination that Defendants have violated 35 U.S.C. §292 by falsely advertising and marking AquaFlora products as "patented" for the purpose of deceiving the public;

/////

/////

/////

    2.    An order fining Defendants for false marketing in an amount that is reasonable in light of the total revenue and gross profit derived from the sale of falsely marked or advertised AquaFlora products and the degree of intent to falsely mark which is proven, with half of the fine paid to the United States Government and the other half to plaintiff;

    3.    An order preliminarily and permanently enjoining Defendants and their affiliates from committing new acts of false patent marketing and to cease all existing acts of false patent marketing;

    4.    An award of attorneys' fees and costs incurred in bringing and maintaining this action, in part because it is "exceptional" for purposes of the Patent Act; and

    5.    Any other such relief to which plaintiff, the United States, or the general public may be entitled.

(Compl. at 9.) Plaintiff demanded a jury trial in his complaint. (*Id.* at 1, 10.)

Defendants filed their answer on October 28, 2010, including general denials and affirmative defenses, as well as a jury demand. (ECF 21.) However, defendants indicated in the joint pretrial statement filed November 10, 2010 that plaintiff is not entitled to a jury. (ECF 22 ¶ N.)

Plaintiff filed the present brief in support of the right to trial by jury on December 3, 2010. (ECF 24.) Defendants responded on December 17, 2010. (ECF 25.) Plaintiff replied on December 30, 2010. (ECF 26.) A hearing on this matter, set for January 14, 2011, was vacated (ECF 27), and then this case was reassigned to the undersigned on January 20, 2011 before resolution of the jury trial question. (ECF 28.) The matter is now submitted on the papers.

II.    ANALYSIS

    A.    Standard

The Seventh Amendment to the U.S. Constitution states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." The Federal Rules of Civil Procedure provide, in pertinent part: "On any issue

2

1  triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a

2  written demand – which may be included in a pleading – no later than 14 days after the last

3  pleading directed to the issue is served; and (2) filing the demand [with the court] in accordance

4  with Rule 5(d)." Fed. R. Civ. P. 38(b). The Rules further provide: "When a jury trial has been

5  demanded under Rule 38, the action must be designated on the docket as a jury action. The trial

6  on all issues so demanded must be by jury unless: . . . (2) the court, on motion or on its own,

7  finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P.

8  39(a).

9  "To determine whether a right to jury trial on a cause of action exists, a court

10 looks to: (1) 'the nature of the right' and (2) whether the remedies provided 'are legal or

11 equitable in nature.' [] The second prong of this test is the more important of the two." *Cal.

12 Serv. Emps. Health & Welfare Trust Fund v. Advance Building Maintenance, Inc.*, 2010 U.S.

13 Dist. LEXIS 90529, at *34 (N.D. Cal. Sep. 1, 2010) (quoting *Spinelli v. Gaughan*, 12 F.3d 853,

14 855-56 (9th Cir. 1993)).

15        B.       Analysis

16 Plaintiff asserts that a jury trial is appropriate as the relief sought is legal, the

17 amount in controversy exceeds $500, a jury trial was properly demanded, Congress did not

18 indicate that it intended there be no right to trial by jury in creating this cause of action, and that,

19 in any event, the right to trial by jury is not properly disputed, given defendants' own jury trial

20 demand, which has not been withdrawn. (Pl.'s Br. at 2, 3, 4.)

21 Defendants maintain that trial by jury is inappropriate here as the complaint seeks

22 equitable relief. (Defs.' Opp'n at 2.) Defendants rely on cases involving patents, contending

23 that the present complaint "sounds in patent claims with only equitable relief sought." (*Id.* at 4.)

24 The court finds that a jury trial is appropriate in this case. As plaintiff asserts, and

25 the court previously found, "[a] claim for false patent marking requires that the defendant acted

26 for the 'purpose of deceiving the public' [which] 'sounds in fraud' or is 'fraud-based.'" (Order at

3

10, ECF 19.) Plaintiff claims that "[d]efendants have marked and advertised AquaFlora products as being patented when, in reality, they are not." (Compl. ¶ 25.) He brings suit in reliance on 35 U.S.C. § 292(a), which provides: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public . . . Shall be fined not more than $500 for every such offense." The product in question is not patented, and plaintiff does not assert that it is. Rather, as plaintiff correctly points out, the matter involves fundamental questions of fact: "(1) did Defendants falsely mark their products as patented, when in fact no patent exists?; and (2) Did Defendants falsely mark their product with the intent to deceive?" (Pl.'s Reply at 5.)

Furthermore, unlike in the cases relied upon by defendants, where "the only remedy sought by the plaintiff[] [was] an injunction," here plaintiff seeks both legal and equitable remedies. *Cf. Tegal Corp. v. Tokyo Electron America, Inc.*, 257 F.3d 1331, 1339 (Fed. Cir. 2001); *see also Shubin v. United States District Court*, 313 F.2d 250 (9th Cir. 1963). Specifically, as previously mentioned, plaintiff seeks money damages in the form of: "[a]n order fining Defendants for false marketing in an amount that is reasonable in light of the total revenue and gross profit derived from the sale of falsely marked or advertised AquaFlora products and the degree of intent to falsely mark which is proven, with half of the fine paid to the United States Government and the other half to plaintiff." (Compl. at 9.) Thus, plaintiff seeks a legal remedy; "insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (1962) (agreeing with plaintiff's contention in that case); *see also Spinelli*, 12 F.3d at 856 ("'[A]ctual and punitive damages [are] traditional form[s] of relief *offered in the courts of law*'" (quoting *Curtis v. Loether*, 415 U.S. 189, 195-96 (1974) (emphasis in original)).). Although plaintiff does not list a specific amount sought, the relevant statute provides for a fine of $500 per offense and "[a] jury, under proper instructions from the court, could readily determine the recovery, if any, to be had

4

here . . . ." *Id*. at 479.  Moreover, although plaintiff seeks both legal and equitable relief, "'[i]n the Federal courts this (jury) right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency.'" *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959) (quoting *Scott v. Neely*, 140 U.S. 106, 109-10 (1891)); *see also Shubin*, 313 F.2d at 252 ("'As long as any legal cause is involved the jury rights it creates control'" (quoting *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir. 1961)).).  In addition, "[w]hatever permanent injunctive relief [Plaintiff] might be entitled to on the basis of the decision in this case could . . . be given by the court after the jury renders its verdict." *Beacon Theatres*, 359 U.S. at 508.

III.    CONCLUSION

        For the foregoing reasons, plaintiff's request for a trial by jury is GRANTED.

        IT IS SO ORDERED.

DATED:  May 2, 2011.

_____
UNITED STATES DISTRICT JUDGE